Deadeeick, J.,
delivered the opinion of the Court.
The plaintiff brought his action in the Circuit Court of Lincoln county, upon three bonds or bills single, ex-' ecnted, respectively, the 12th of April, 1852; 1st of January, 1855, and 4th of January, 1856, for the aggregate sum of $736. The defendant pleaded non est faotum, and on this plea the case was decided against the plaintiff; and he appealed in error to this Court.
On the trial, the defendant offered in evidence certain notes, other than those sued on, purporting to have been executed by his intestate, for the purpose of allowing the witnesses to examine and compare the signatures to them, with those of the notes sued on. This was objected to by the plaintiff, but the objection was overruled by the Court, and several of the witnesses were allowed to state that the notes not sued on in this action were in the handwriting of Bonner, the defendant’s intestate; These notes were allowed by the Court to go to the jury, for their inspection and comparison with the notes sued on. This was error.
While the American decisions are not uniform with respect to the admission of papers irrelevant to the record, for the sole purpose of creating a standard of comparison of handwriting, yet' the weight of authority is against such practice. Especially is this so in cases where the genuineness of the standard sought to be introduced, may become the subject of controversy.
His Honor, the Circuit Judge, left it to the jury to *208 determine, from the proof in regard thereto, whether the signatures introduced for the purpose of comparison were genuine, with instructions that they might compare them with the signatures of the notes sued .on, if they were satisfied they were genuine. This, also, is error. This Court, in the case of Fogg v. Dennis, 3 Hum., 48, held that it was not competent to submit other writings to a witness, who had testified to a signature, to test his knowledge whether such other writings were genuine or spurious.
It is insisted by defendant, that if the charge of the Court was erroneous on the subject of comparison of bandwriting, and the evidence in relation thereto was improperly admitted, that such error did not injure the plaintiff, and the verdict could be sustained without the objectionable evidence; therefore this Court would not reverse for such error. The cases of Myers v. Bank of Tennessee, 3 Head, 331, and Applewhite v. Allen, 8 Hum., 700, are cited and relied upon to sustain this proposition. We cannot sanction the proposition contended for, nor do we think the cases cited sustain it.
The authorities cited, and others that we have examined, go to the extent . only of deciding that this Court will not reverse for an error which they can see from the whole record has not operated to prejudice the party appealing; or, where illegal testimony has been first introduced by him, 'and subsequently repeated by the other party. 5 Yer., 379; 3 Sneed, 437; 1 Head, 549.
But where illegal testimony has been admitted by the Court, after objection by the party against whom it *209 is offered, which might have influenced the verdict of the jury, a new trial ought to be granted to the party who may have been injuriously affected by it. 2 Hum., 78; Gra. & Wat. on New Trials, 608, 609, 612, 613; 3 Hay.
We can not know how much influence the objectionable evidence may have had upon the minds of the jury. But we can see that it might have had influence in producing their verdict, and the parties are entitled to a trial of the issues in their cause by an impartial jury, and to have those issues determined upon legal evidence and upon a proper charge.
We reverse the judgment of the Court below, and remand the cause for a new trial.